NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ERIC BARKSDALE, | : | CIVIL ACTION NO. 14-3491 (MLC) |
| Petitioner, | : | **MEMORANDUM OPINION** |
| v. | : | |
| MICHAEL CAPRA, | : | |
| Respondent. | : | |

**COOPER, District Judge**

Petitioner — who is a state prisoner confined at Sing Sing Correctional Facility in Ossining, New York — seeks a writ of habeas corpus challenging the federal sentence designating the Federal Bureau of Prisons ("BOP") as the place for Petitioner to serve a ten-month sentence imposed by this Court. See 28 U.S.C. § 2241. The petition will be dismissed with prejudice.

### BACKGROUND

Petitioner pleaded guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, on December 3, 2007. See Crim. No. 07-788, dkts. 48, 51. The sentencing was scheduled for November 19, 2009, but was thereafter rescheduled for March 19, 2010. Id., dkts. 97, 102. In a judgment dated March 31, 2010, and entered April 1, 2010, this Court sentenced Petitioner to a prison term of ten months, "consecutive to any current undischarged term of imprisonment." Id., dkt. 103 at 2.

Petitioner was serving a ten-year sentence in New York on a state-court conviction for criminal possession of a weapon when he received the federal sentence. This Court further recommended that the BOP designate FCI Fort Dix as the place for Petitioner to serve his federal sentence. Id. Petitioner neither appealed from his sentence, nor sought post-collateral review by moving to vacate his sentence pursuant to 28 U.S.C. § 2255.

Petitioner alleges that the United States Marshal for the Southern District of New York issued a detainer against him on January 20, 2011, based on the federal sentence that was to be served upon completion of the ten-year state-court sentence. (Dkt. 1 at 1.)

Petitioner filed this petition on June 2, 2014, ostensibly to challenge the execution of the March 2010 sentence imposed by this Court, and to have this Court direct that his federal sentence run concurrently, rather than consecutively, to his state-court sentence. (Id. at 6–7.) This habeas proceeding was then administratively terminated because Petitioner neither paid the requisite filing fee for habeas petitions, nor applied to proceed in forma pauperis. (Dkt. 2.) Petitioner has now paid the fee.

Petitioner has also moved under his closed criminal matter to have this Court either: (1) approve his participation in an educational leave program offered to inmates by the State of New York; or (2) direct that his federal sentence run concurrently to his state sentence rather than consecutively. See Crim. No. 07-788, dkt. 118. The Government has opposed that motion. Id., dkt. 121. That motion is pending.

## ANALYSIS

### I. Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face". McFarland v. Scott, 512 U.S. 849, 856 (1994); see 28 U.S.C. § 2243; Harrison v. Schultz, 285 Fed.Appx. 887, 887–89 (3d Cir. 2008). A district court must examine a habeas petition before ordering an answer and the production of the state-court record, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases (applicable to Section 2241 under Rule 1(b)); see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to relief").

### II. Lack of Jurisdiction Under Section 2241

Petitioner is challenging the sentence issued by this Court. A challenge to the validity of a federal conviction or sentence generally must be brought under Section 2255. See Jackman v. Shartle, 535 Fed.Appx. 87, 88 (3d Cir. 2013). A district court may not entertain a challenge to a prisoner's federal sentence through Section 2241 unless the Section 2255 remedy is "inadequate or ineffective." See 28 U.S.C. § 2255(e). Indeed:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by

> motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

Id. A Section 2255 motion is "inadequate or ineffective", thereby permitting a petitioner to petition under Section 2241, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). But "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." Id. at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539 (citing In re Dorsainvil, 119 F.3d 245, 251–52 (3d Cir. 1997)).

A Section 2255 remedy is "inadequate or ineffective", thereby permitting resort to Section 2241, where a prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate". Dorsainvil, 119 F.3d at 251. This does not suggest that a Section 2255 motion is "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of Section 2255. See id. This safety valve is narrow. See generally id. at 249–51; see, e.g.,

Okereke v. United States, 307 F.3d 117, 120–21 (3d Cir. 2002) (discussing situation where prisoner had no previous opportunity to challenge conviction for crime later deemed to be non-criminal by intervening law change).

Petitioner does not allege any facts in the petition that would bring him within the Dorsainvil exception. Petitioner neither alleges that he had no earlier opportunity to challenge his sentence, nor disputes the federal conviction resulting from his plea of guilt. Rather, he simply asks this Court to resentence him and allow his federal sentence to run concurrently with his state sentence so that he can participate in an educational leave program offered by the New York state correctional system.

Petitioner fails to show that Section 2255 is inadequate or ineffective to warrant bringing this Section 2241 proceeding, and thus this Court will dismiss the petition. This Court further concludes that it is futile to recharacterize this petition as a motion under Section 2255, because such a motion is time-barred. Petitioner's judgment of conviction became final in 2010, as he did not file a direct appeal. Petitioner also did not file a Section 2255 motion within one year from the date his conviction became final. Thus, to the extent this Court could deem this petition as a Section 2255 motion, it is time-barred because the action was filed on June 2, 2014, three years after the statute of limitations for the relief available under Section 2255 actions had lapsed. See 28 U.S.C. § 2255(f).[1]

---

[1] A petitioner may seek relief for a one-year period running from the latest of four specified events:

(1) the date on which the judgment of conviction becomes final;

Petitioner is not without any recourse due to the dismissal of this petition.  Indeed, Petitioner has a similar motion regarding his federal sentence pending before this Court in his criminal matter, where such a motion is more appropriately considered. Consequently, this petition will be dismissed with prejudice.

## CONCLUSION

This Court will dismiss this petition with prejudice.  The Court will issue an appropriate order and judgment.


    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  May 11, 2015

---

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).